**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1478**

_____

BARBARA BODDIE,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Mary G. Lewis, District Judge.  (6:23-cv-00444-MGL)

_____

Submitted:  May 28, 2025                                            Decided:  June 9, 2025

_____

Before KING, THACKER, and BERNER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Paul T. McChesney, Tiffany Ours, MCCHESNEY & OURS, P.C., Spartanburg, South Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, David E. Somers, III, Attorney, Adair F. Boroughs, United States Attorney, Paul B. Waxler, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Bradberry Boddie appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of Boddie's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Boddie's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Specifically, the ALJ sufficiently explained the reasons for his according of weight to Boddie's treating physicians' opinions, based on

2

the regulatory factors to be considered in making such a determination. *See* 20 C.F.R. § 440-1547(c)(2023). In addition, the ALJ adequately explained the limitations he imposed in formulating Boddie's residual functioning capacity and why further limitations were not necessary.

Accordingly, we affirm the district court's judgment upholding the denial of benefits. *Boddie v. Comm'r of Soc. Sec. Admin.*, No. 6:23-cv-00444-MGL (D.S.C. March 25, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*